BACON VS. BACON.

DIVORCE: ALIMONY: JURISDICTION. *(1) Jurisdiction in divorce statutory. (2) Power to divest husband of realty. (3) Alimony defined. (4) Power to revise judgments after term. (5) Judgment dividing real property in divorce, not revisable after term.*

| 43 | 197 |
| 75 | 343 |
| 43 | 197 |
| 81 | 250 |
| 43 | 197 |
| 89 | 464 |
| 43 | 197 |
| 99 | 346 |
| 43 | 197 |
| 112 | 1318 |

1. Courts in this country possess, in actions for divorce, only the power conferred by statute. *Barker v. Dayton*, 28 Wis., 367.
2. The power of courts in this state, in such actions, to divest the husband of the title to realty in favor of the wife, rests entirely on sec. 29, ch. 111, R. S.; as construed in *Donovan v. Donovan*, 20 Wis., 586, and subsequent cases.
3. In the statute, as in the practice of the English courts, *alimony* is not an estate, nor part of the husband's estate assigned to the wife as her own, but an allowance, annual or in gross, out of the husband's estate, for the nourishment of the wife; and the court granting it may from time to time revise its judgment, and render such new judgment as it might originally have made, in respect thereto.

4. Except in cases coming within some statutory power, the courts of this state possess no power to revise their judgments after the term at which they are rendered.

5. In sec. 28, ch. 111, R. S., which authorizes the court, after judgment "for alimony or other allowance for the wife and children," to revise and alter it, the word *allowance* denotes, like alimony, a continued provision for nourishment, and appears to refer to such a provision for the children; the power there granted is inapplicable to a judgment for the division of real property under sec. 29; and such a judgment cannot be revised after the term. *Campbell v. Campbell*, 37 Wis., 206, and *Hopkins v. Hopkins*, 40 id., 462, as to this point, adhered to.

APPEAL from the Circuit Court for *Dane* County.

In this action, by *Helen T. Bacon* against *Ira P. Bacon*, for a divorce, etc., the judgment of divorce further provided as "alimony to the plaintiff, and to enable her to support, educate and properly care for the minor children," that certain real estate of the defendant, "together with all the right, title, interest and claim of the defendant, in and to the same," be thereby "transferred, passed and set over to the plaintiff, to have and to hold to her own use, benefit and behoof, with the appurtenances thereto belonging or in any wise appertaining, to her heirs and assigns forever, in fee simple." It further provided that said judgment be recorded in the office of the register of deeds for the proper county, "with the same effect as a due and proper conveyance of the title of said lands to the plaintiff." It also awarded, "as further allowance and alimony to the plaintiff," the sum of $2,750 in money, out of the defendant's estate. At subsequent terms of court, petitions were presented by both parties, asking the court to revise and modify the judgment for alimony. Defendant's petition was denied; and that of plaintiff was allowed upon the petition, answer and accompanying papers, without further proofs or opportunity for cross examination. On appeal, this was held to be error, and the order modifying the judgment was reversed. (See 34 Wis., 594.) On the cause being remanded, the court, after hearing evidence, rendered judg-

ment for the plaintiff, altering the original judgment by award-
ing her the additional sum of $1,000 in money, and declaring
the judgment a lien upon the defendant's real estate.     From
this judgment defendant appealed.

After the appeal had once been argued, the court directed a
reärgument upon the question, whether the original judg-
ment was a judgment for alimony under sec. 24, ch. 111, R.
S., remaining within the revising power of the court below,
or for division and distribution of the husband's estate, under
sec. 29, and final.

*William F. Vilas*, for appellant, contended that it is set-
tled by the decisions of this court, that a judgment setting
off to the wife a specific portion of the husband's estate, in-
stead of or in addition to alimony, when made under the
power conferred by sec. 29, ch. 111, R. S., or such part of the
judgment as is in the nature of a division of estate, is final,
and beyond the revisory power of the court *(Campbell v.
Campbell*, 37 Wis., 206; *Hopkins v. Hopkins*, 40 id., 462);
that the inquiry here was therefore limited to the question,
whether the original judgment in this case, so far as regards
the real estate allotted to the wife, was made under sec. 24 or
sec. 29; and that it must be deemed to have been the exercise
of the power given by the latter section.     The original judg-
ment takes the land, title to which was in the husband, di-
rectly from him, and, by force of the decree alone, vests it in
the wife, without the medium of a conveyance, the judgment
seizing the title and granting it, *proprio vigore*, to the wife,
without his intervention.     There is no power to do this in an
action for divorce, except the statute, ch. 111, R. S.; and there
is no section of the statute which can be held to grant such
authority, except sec. 29. *Donovan v. Donovan*, 20 Wis., 586,
and *Campbell v. Campbell, supra*. And see *Moul v. Moul*, 30
Wis., 203.    Again, it is plain that secs. 21, 22 and 23 relate to
the restoration of the property which, at common law, the hus-
band would have derived from the wife, her personalty and

the use of her realty. They have no force now, when the husband takes no right in either species of property by virtue of coverture. Sec. 24 authorizes the court to give the wife " such part of the *personal* estate of the husband, and such alimony out of his estate, as it shall deem just and reasonable." Plainly, the court can give directly to the wife the husband's *personal* property, and nothing else but *alimony*, under this section. The question, what is alimony, is put at rest by *Campbell v. Campbell*, 37 Wis., 206, 216–18. It is not an estate, not a share of property, not a portion of real estate, but provision for the wife's support imposed as a personal duty upon the husband. And in giving power to enforce its payment, sec. 27 clearly discloses the legislative intent, that under the name of alimony the court should not have authority to divest title to real estate; for it empowers the court, when alimony is adjudged to the wife, or an allowance made to her for her children, to require security for the payment, and, if that be refused, or if the duty be not discharged, to sequester the defendant's personal estate, and the rents and profits of the real estate, to compel satisfaction of the judgment.

*Smith & Lamb*, for respondent, contended that the original judgment was for alimony, under sec. 24, and has always been within the revisory power of the court. It was held in *Hopkins v. Hopkins*, 40 Wis., 466, that the allowance of a gross sum, unless expressly stated so to be in the judgment, is not to be regarded as a division or partition of the property under sec. 29, but as alimony proper. The same doctrine was held in *Thomas v. Thomas*, 41 Wis., 229. Again in *Coad v. Coad*, 41 Wis., 28, where the court had given the wife some personal property and a house and lot, the homestead, this court held that the matter was under the plenary control of the circuit court, and subject to its revision. The fact, therefore, that some land was given, does not prevent the original judgment here from being one for alimony. No reason is seen why a transfer of title to a piece of land " out of

the estate " of the husband should be held a division and distribution under sec. 29. It certainly is given "out of (his) estate," in the very language of sec. 24. The discussion of the terms alimony and estate in *Campbell v. Campbell*, 37 Wis., 206, seems conclusive upon this proposition. Alimony is there shown to be pecuniary aid given to the wife by the court out of the husband's property or estate. And "estate," in that connection, is any property, real or personal, belonging to the husband, which, under the coërcion of the court, can yield pecuniary aid to the wife. Distribution and division do not depend on the quality of the estate divided and distributed. The partition of the estate, which this court seems to have held will be final, is not necessarily of real estate, nor need it include real estate. It may be of personal estate only, or of real estate, or of mixed property. *Campbell v. Campbell, supra.* It was simply the fiat of the court which impressed on that decree its character of division, distribution and finality, and nothing in the nature of the property or pecuniary aid granted to the wife. The intent of the court, and not the facts in the case, characterizes the decree for alimony as ordinary or final. *Hopkins v. Hopkins*, and *Coad v. Coad, supra.* The whole course of decision in this state leads to the results above stated. See *Donovan v. Donovan*, 20 Wis., 588; *Cole v. Cole*, 27 id., 534; *Damon v. Damon*, 28 id., 516: *Williams v. Williams*, 29 id., 517; *Bacon v. Bacon*, 34 id., 594; *Williams v. Williams*, 36 id., 362; *Campbell v. Campbell*, 37 id., 206; *Hopkins v. Hopkins*, 39 id., 167. Counsel further asked the court to reconsider the question whether any judgment for alimony or division of property under ch. 111, R. S., is *final;* contending that there is nothing in the statute authorizing that view, and that this court had never so held prior to *Hopkins v. Hopkins*, 40 Wis., 462, and there the intimation was a mere *dictum*, the judgment of the circuit court in that case being held not to be final. They further argued that every provision made

by the court for a divorced wife is described in the statute by the terms *alimony* or *allowance*, and that, by sec. 28, every judgment for "alimony or *other allowance*" is made subject to revision or alteration by the court.

RYAN, C. J.   After this appeal had been argued on the merits, we directed a reärgument on the question whether the original judgment is one for alimony under sec. 24, remaining within the revising power of the court below, or for division and distribution of the husband's estate under sec. 29, ch. 111, R. S., and therefore final.

"It is an undoubted general principle of the law of divorce in this country, that the courts, either of law or equity, possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings or practice in it, or to the mode of enforcing the judgment or decree, authority therefor must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised." *Barker v. Dayton*, 28 Wis., 367.   The nature of the judgment and any power of the court over it must, therefore, be determined by the construction of the statute itself.

It may aid the construction, however, to remember that, on divorce, the English courts gave the wife alimony only, always subject to a continuing power of revision by the court; and that such a thing as partition of estate was unknown in the law of divorce.   As will be presently seen, our statute of divorce very closely follows the practice of the English courts in respect to alimony.

But in *Donovan v. Donovan*, 20 Wis., 586, this court held that, besides the ordinary power to give alimony, the statute gave a new and extraordinary power to provide for partition of estate between the parties.   It was held that the court, granting a divorce, is not only authorized to give the wife alimony proper,

either payable like an annuity or in a gross sum out of the husband's estate, under sec. 24; but also has power, under sec. 29, to provide for division and distribution between the parties of the real and personal estate of the husband. I have always regarded the power to divest the husband of his title to realty in favor of the wife, as resting on a rather strained construction of sec. 29; and, if it were now an open question, I cannot say that I could find warrant for the power in the language of the section. The rule, however, was established some twelve years ago, has been repeatedly followed, and must now be taken as the settled rule of this court.

In that case, however, the distinction between alimony proper, payable out of the husband's estate, and division and distribution of his estate between the parties, is clearly pointed out. The power to divest the husband of his realty is rested exclusively on sec. 29; and it certainly can be found nowhere else in the statute.

Sec. 24, so far as it has relation to the subject, is restricted in terms to personal property. It authorizes the court to adjudge to the wife part of the personal estate of the husband and alimony out of his estate. The part of the personal estate here intended is presumably confined to specific chattels, other than money; alimony being intended to cover all provision for money. Alimony is not an estate; not a portion of the husband's estate to be assigned to the wife as her own. It is an allowance out of the husband's estate for the nourishment of the wife, resting in discretion, variable and revocable. *Campbell v. Campbell*, 37 Wis., 206. As the authorities cited in that case sufficiently show, alimony is a technical word, theoretically restricted to personalty and practically to money. It is payable out of the husband's estate, real as well as personal; but the word never covers the estate itself. So sec. 24 makes it payable out of the husband's estate; clearly excluding any transfer of his estate to the wife, except the part of his personalty previously and expressly authorized. So sec.

27 authorizes the court to sequester the husband's personalty and the rents and profits of his realty, to enforce the payment of alimony. All this plainly shows that the framer of the statute perfectly appreciated the precise signification of the word, alimony, and dealt with it in its technical sense, as an allowance to the wife payable in money out of the husband's estate; excluding, *ex vi termini*, transfer to the wife of the husband's estate itself, real or personal.

Except, therefore, such part of the husband's personalty as may be given to the wife together with alimony out of his estate, sec. 24 excludes partition between the parties of the husband's estate, real or personal. And the power to make partition of the husband's estate in favor of the wife must be found, as *Donovan v. Donovan* found it, in sec. 29.

As already indicated, alimony always rested in discretion, was variable and revocable; subject to the continuing authority of the court over it, to be exercised from time to time, in view of changes in the premises on which it had been granted. *Campbell v. Campbell, supra.* So sec. 28, still dealing with alimony in its proper, technical sense, authorizes the revision of the judgment granting it, and such new judgment for it, from time to time afterward, as the court might have originally made. *Helden v. Helden,* 7 Wis., 296; *Williams v. Williams,* 29 id., 517; *S. C.,* 36 id., 362; *Campbell v. Campbell, supra; Hopkins v. Hopkins,* 40 Wis., 462; *Thomas v. Thomas,* 41 id., 229.

Except secs. 25 and 26 relating to the kindred subject of dower in certain cases, all the sections from 24 to 28, both inclusive, make provision for alimony to the wife, for the support of herself and children committed to her care. All the effective provisions for alimony proper precede sec. 28; and sec. 28 crowns them with the continuing power of the court; so far closely following the English law of alimony. Then comes sec. 29, which was found to introduce the new provision for division and distribution of the husband's estate, real and

personal. This section indeed declares that the court shall regulate the allowance for alimony to the wife and children committed to her care, according to equity; but it does not aid or enlarge or restrain the power to grant and regulate alimony given in the previous sections. All the provisions for alimony, and allowance in the nature of alimony, are complete without it. And so far as it relates to alimony, the section is chiefly noticeable for the distinction which it makes between alimony and division and distribution of estate; expressly recognizing them as essentially different things.

So far as it is applicable to the question here, sec. 28 provides that, after judgment for alimony or other allowance for the wife and children, the court may, from time to time, on the petition of either party, revise and alter such judgment in respect to the amount of such alimony or allowance, and the payment thereof, and may make any judgment respecting the same which might originally have been made.

If judgment for division and distribution of estate under sec. 29, once made, can be revised or changed at a subsequent term, it must come within the continuing power of sec. 28. Except in cases coming within some statutory power, it is the settled law of this court that the courts of this state possess no such power over their judgments, after the term at which they are rendered. *Ætna Ins. Co. v. McCormick*, 20 Wis., 265; *Salter v. Hilgen*, 40 id., 363; and many intermediate cases. This is the general rule in all common-law courts, everywhere, older than *Termes de la Ley*, where it is stated. "Where any judicial act is done during the term, the record remains in the breast of the judges, and within their remembrance, and therefore the roll is alterable during the term as the court shall order. But when the term is ended, the record is in the roll, and will not admit of any alteration, amendment or proof to the contrary."

This court has therefore held that, while judgment for alimony remains always within the revising power of the court,

under sec. 28, judgment for division and distribution of estate, under sec. 29, is final between the parties, as any ordinary judgment; as judgment for divorce itself. *Campbell v. Campbell, Hopkins v. Hopkins, supra.*

This rule was assailed by the learned counsel for the respondent, who insisted that the question must be regarded as an open one.    They accordingly argued that judgment for division and distribution of estate could not be final, after the term, unless the statute expressly provides that it should be so.    The difficulty there is, that such a judgment must be final under the general rule after the term, unless the statute expressly take it out of the rule, by giving the court a continuing power over it.    And so the learned counsel also took the position, that such a judgment comes within the grant of revising power in sec. 28.

In support of that position, we were urged to disregard the technical meaning of alimony, and to apply it to any provision of property, real or personal, for the wife.    We have already seen that this would be a gross perversion of the word, which no safe rule of construction could tolerate.    The ancient canon of construction, that technical words shall bear their technical meaning, is now a statutory rule.    And we have already seen that the framer of the statute here was familiar with the technical meaning of alimony, and intelligently used it throughout in its precise, technical sense.

But sec. 28 gives a continuing power to the court over judgments for alimony or other allowance for the wife and children.    And the learned counsel contended that the word, allowance, which is not technical, is sufficiently broad to cover division and distribution of estate, real or personal.    We cannot think so.    The classical sense and common use of the word, allowance, in this application, make it almost equivalent to alimony in its legal, technical sense.    This is aptly illustrated in a work remarkable for its accurate use of words, the authorized English version of Holy Scripture, in a passage ci-

ted by Dr. Johnson, for example of the meaning of allowance in this use. "And he did eat bread continually before him all the days of his life. And his allowance was a continual allowance given him of the king, a daily rate for every day, all the days of his life." 2 Kings, XXV, 29, 30. Like alimony, allowance precludes estate. Like alimony, allowance is continuing provision for nourishment; applied to children, for nurture, in the technical sense of that word. And this use of the word in the statute appears to be in the latter sense. In this sense, it is twice used in the statute, both times coupled with alimony, and both times in reference to children. Secs. 27 and 28 have the phrase, alimony or other allowance for the wife or children. Here alimony appears to follow its proper sense as provision for the nourishment of the wife, and allowance to be coupled with it as provision for the nurture of children. And we find no other such use of the word, except in the repetition, such alimony or allowance, in the same application, in the same sections.

Secs. 24 and 33 not inaccurately use the phrase, support and maintenance, as equivalent to alimony and to nurture. Sec. 23 also uses the same words, not indeed as equivalent to alimony, but in the sense of nourishment.

Sec. 29 less precisely, but perhaps not altogether inaccurately, and quite intelligibly, speaks of allowance for alimony to the wife and children. These words and phrases all speak for themselves. There is no difficulty in determining their meaning. They are all clearly distinguishable throughout the statute from division and distribution of estate; all clearly exclude division and distribution of estate. Indeed the only word in this connection in the statute, of at all doubtful meaning, is *subsistence*, in secs. 26 and 31. We need not pause to consider its scope; though it seems to be so used in both sections as to include estate as well as income, and the word may be broad enough for the purpose.

We have considered the wording of the statute thus minutely

and carefully, for the purpose of showing that the word, allowance, in sec. 28, cannot include division and distribution of estate, under sec. 29, and was not intended to include it. The continuing power of revision over judgment for alimony, given to the court by sec. 28, does not extend to judgment for division and distribution of estate. And it appears to us that the reason is not far to find.

Alimony rests upon the dependence of the wife on the husband, and the duty and ability of the husband to support her. Divorce does not determine the dependence or the duty, though it change the manner of them. As in marriage, so in divorce, circumstances vary the measure of support. The husband may be more or less able, the wife more or less in need. Indeed, the ability of the husband, happily called his faculties by the English courts, may altogether fail; and the wife may become altogether independent of his support. The rule of alimony follows the nature of the support for which it goes. And when courts, after divorce, enforce the husband's duty and provide for the wife's need by alimony, they hold the measure of it as essentially variable, and therefore subject from time to time to modification, suspension, renewal and revocation. Such were the view and practice of the English courts, followed and embodied in our statute of divorce. *Campbell v. Campbell, supra.*

Alimony, however, presupposes the husband to retain his estate, and is payable out of it. It is because the husband retains his estate, upon divorce, that alimony is necessary to the wife. If the wife have adequate estate of her own, she has no claim for alimony, either by the English rule or under sec. 24 of our statute. For the right of the wife and the duty of the husband are enforced only upon his ability and her inability. So, if the wife had no adequate estate before, but judgment of divorce endow her with one, her right to alimony ceases. It would be unjust that she should share the husband's estate, and yet retain her right to support out of his estate; unjust that the husband should furnish the wife an es-

tate to support herself, and yet be held to support her. It is to be presumed that division and distribution of estate, under the statute, is adequate for the wife; if inadequate, it ought not to be made. Division and distribution of estate, therefore, is a substitute for alimony, extinguishing the right to it, by making the wife independent of the husband's faculties. And because it is essentially a complete and permanent provision, in lieu of the transitory provision of alimony, the statute makes it final by withholding the power of revision over it.

The husband's estate of which division and distribution may be made, may be real or personal, or both. When judgment of divorce awards personalty only to the wife, whether payable like an annuity or in a gross sum, it is *prima facie* for alimony; and if it be intended to operate as a division and distribution of estate, the judgment must so declare. Then only will it be final. *Hopkins v. Hopkins, Thomas v. Thomas, supra.* But if judgment of divorce divest the husband of his title to realty, transferring it to the wife, it is necessarily division and distribution of estate, *ex proprio vigore* final. For it is only under the power to make division and distribution that the court can transfer realty of the husband to the wife.

This has not always been understood or expressed as clearly as it might have been. And doubtless incidental inaccuracies of expression may be found in some of the cases. That may unfortunately happen on all subjects. But whenever the question has been directly before the court, there is no ruling in conflict with the position now held. If there were, our views are so clear that we could not hesitate to overrule a case in conflict with them.

It is quite apparent that the original judgment of the court below was framed upon a different theory, and regards both the real and personal estate assigned to the wife as alimony. Indeed, it expressly so calls them. But this is a patent and mere misuse of the word, not affecting the legal construction of the judgment. The words, alimony and allowance,

used in it, are superfluous. The judgment must be taken according to its legal effect as judgment for division and distribution between the parties of the husband's estate, real and personal. The court had no power to render the judgment transferring the husband's realty to the wife, except under sec. 29, as partition of the husband's estate between the parties. And it lost all power over the judgment, except to enforce it, after the term at which it was rendered.

There are circumstances in this case which may render it a hard one. On that we express no opinion. But it is our duty now, as always, to see that hard cases do not make bad law.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the court below with directions to vacate it.