Blake vs. Blake.

BLAKE, Respondent, vs. BLAKE, Appellant.

*September 6 — December 13, 1889.*

*Divorce: Alimony: Division of estate: Agreement of parties: Modification of judgment.*

1. In a divorce action, upon a finding that the parties had agreed in open court that the plaintiff should receive $2,000 "in full of all alimony, and for a full share of all her claim in and to the defendant's property," it was adjudged that the defendant pay to the plaintiff $2,000 "upon the execution by her of a release in full of all her dower right" in the defendant's real estate. Afterwards this court held that such judgment did not make a final division of the defendant's property, and affirmed an order for a modification of the judgment and for a hearing as to what further judgment should be entered. Upon such hearing the trial court adjudged that the defendant pay the plaintiff a much larger sum, as a final division of his estate. On appeal, it is *held* that the original agreement between the parties was not a bar to such judgment.

2. Though the original judgment was merely for alimony, it may afterwards be modified so as to make a final division of the husband's estate.

3. Upon the evidence in this case (showing, among other things, that the defendant owns real estate worth $200,000) an allowance of $30,000 to the wife, as a final division of the estate, is *held* not excessive.

| | |
|---|---|
| 75 | 339 |
| 81 | 250 |
| 75 | 339 |
| 74 | 445 |
| 75 | 339 |
| 88 | 520 |
| 75 | 339 |
| 99 | 346 |
| 75 | 339 |
| 112 | ¹318 |

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

May 6, 1882, the plaintiff obtained a judgment for divorce against the defendant, upon a finding that it had been agreed in open court that the plaintiff should accept and the defendant pay the sum of $2,000 in full of all alimony, and for a full share of all her claim in and to the defendant's property; and it was adjudged therein that, upon the release by the plaintiff of all her dower, such $2,000 should be in full thereof. Subsequently it was held in this case that, as the judgment did not expressly declare such $2,000 to be the plaintiff's share of the defendant's estate upon division and partition thereof, the same should be con-strued as alimony, and hence that the judgment might subsequently be modified in such a manner as might be just. 68 Wis. 303.

Thereupon, and upon a petition to modify such judgment, it was found by the trial court, in effect, that at the time of the commencement and prosecution of the action the plaintiff did not know either the amount of property then owned by the defendant or the value thereof; that in the negotiations with the plaintiff respecting such alimony the defendant's agent represented to the plaintiff that the defendant was in a worse financial condition than he actually was at the time; that the plaintiff relied on such representations; that no intentional misrepresentation was made by said agent; that since the rendition of said judgment the circumstances of the parties have changed; that the plaintiff is in needy circumstances financially; that the defendant has more property and a larger income than he had at that time; that he now owns unincumbered real estate of the value of at least $200,000, and from which he derives an annual gross income of about $10,000.

And as conclusions of law the court found therein that

the plaintiff was entitled to have said judgment modified by a further judgment in her favor and against the defendant for the sum of $30,000, and for the further sum of $1,000 as attorneys' fees and disbursements in these subsequent proceedings — making in all the sum of $31,000 as her full and final share and allowance in the final division and distribution of the estate and property, real and personal, of the defendant; that, except as therein directed to be modified, said original judgment stand; and a final judgment was directed thereon accordingly.

From the judgment entered thereon, as directed, and the whole thereof, the defendant appeals.

For the appellant there was a brief by *Turner & Timlin*, and oral argument by *W. J. Turner*. They contended, *inter alia*, that the court erred in refusing to decide that it was agreed between the parties that defendant should pay to plaintiff, and she should receive, the sum of $2,000 in full for her dower interest in the defendant's lands, and as a final distribution of all the defendant's property, both real and personal, between them. Such agreement was binding. 1 Bish. Marr. Wom. secs. 719, 724; 2 id. sec. 369; 2 Bish. Mar. & Div. secs. 235, 237a, 239; *Randall v. Randall*, 37 Mich. 563; *Scarborough v. Watkins*, 9 B. Mon. 545; *Fox v. Davis*, 113 Mass. 255; *Bettle v. Wilson*, 14 Ohio, 268; 2 Story's Eq. Jur. (12th ed.), sec. 1368.

*J. A. Eggen*, for the respondent.

The following opinion was filed September 24, 1889:

CASSODAY, J. It is claimed, in effect, that the court refused to find that prior to the original judgment the plaintiff, with full information as to the amount and value of the defendant's property, stipulated and agreed that the $2,000 named in that judgment should be "as a final distribution of all the defendant's property" as well as in full for her dower interest in his lands. It is only necessary here to

Blake vs. Blake.

say that such stipulation and agreement was before the court and fully determined by the original findings and judgment, and that notwithstanding such determination this court held that such allowance was nothing more than alimony, and in no sense "a final division" of the defendant's property, as mentioned in the last clause of sec. 2369, R. S., and as provided for in sec. 2364. 68 Wis. 303. That adjudication affirmed an order granting a motion to modify the original judgment and directing the taking of proofs and a hearing as to the further or additional judgment to be rendered therein. With such an adjudication in this case, we cannot regard such stipulation and agreement between the parties before the original judgment as conclusive upon the court, nor as in any way barring the court from determining the matters directed in the order, upon the proofs taken and hearing had, with "due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the case." Sec. 2364, R. S.

It is further claimed that, as the original judgment was simply for alimony, the power of the court in any subsequent adjudication was limited by statute to a mere modification as to the amount of such alimony, and hence could not, by way of modification, extend to a final division of the defendant's property. This contention is conceded to be in conflict with the reasoning of RYAN, C. J., in *Campbell v. Campbell*, 37 Wis. 206. In that case it was in effect said that all the estate and income of the husband, whenever and however acquired, actually possessed and enjoyed by him at the time of a subsequent judgment for alimony or a subsequent judgment for division of estate, is subject to such subsequent judgment. 37 Wis. 219. We are not aware that this doctrine has ever been questioned by this court. On the contrary, it has frequently been sanctioned.

*Hopkins v. Hopkins*, 40 Wis. 462; *Coad v. Coad*, 41 Wis. 23; *Thomas v. Thomas*, 41 Wis. 229; *Bacon v. Bacon*, 43 Wis. 197. "The courts of this state," as claimed by counsel, "only have such powers in such actions as are given to them by statute." *Clarke v. Burke*, 65 Wis. 361. It is on this theory that counsel contend that the trial court exceeded the powers given to it by statute in granting a "final division and distribution of the estate." The statute authorizes the court, in the first instance, to adjudge to the wife alimony out of her husband's "*estate*," or to "finally divide and distribute the *estate*." Sec. 2364, R. S. Of course, where there is a final division in the first instance, there is no good ground for a subsequent modification, and hence it is forbidden. Sec. 2369, R. S.; *Hopkins v. Hopkins*, 40 Wis. 466. But where, in the first instance, alimony is adjudged to the wife, whether payable in limited amounts from time to time, or in gross, the court is expressly authorized, "from time to time, on the petition of either of the parties," not only to "revise and alter such judgment respecting the amount of such alimony or allowance, and the payment thereof," but to "make *any judgment* respecting any of the said matters which such court *might have made in the original action*." Sec. 2369, R. S. These last words are certainly broad enough to authorize a final division of the "estate" in such subsequent judgment. *Bacon v. Bacon*, 43 Wis. 204. In speaking of sec. 2364, R. S., RYAN, C. J., said, in *Campbell v. Campbell*, 37 Wis. 218, that "the words *estate* and alimony in the section are not only associated within the rule, *noscitur a sociis*, to be understood in a kindred sense; they are correlatives, dependent one on the other for effect, and should be understood in a corresponding sense." Since the statute expressly gives to the trial court jurisdiction and authority to make such final division of the husband's estate, it would be a finical construction of the language employed to hold that such power to so

divide the estate is limited to the original judgment. We must hold that the modifying of the judgment before us is not objectionable upon that ground.

It is claimed that the amount allowed is larger than it should have been in view of the evidence. The court was undoubtedly bound to have some regard to the condition of things at the time of the original judgment, as well as subsequently; but it appears from the findings that the defendant owns unincumbered and productive real estate of more than six times the value of the amount allowed. More than seven years have elapsed since the original judgment, and in the mean time the plaintiff has received comparatively but little, and her efforts to obtain any have been resisted at every step. The condition of the husband makes it for the interest of all that the matter should now be finally disposed of. The trial court must necessarily have some latitude of judgment in such matters. The findings seem to be substantially sustained by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed; but with leave to the appellant to apply to the trial court for a modification of the judgment as to the time or times for the payment of the same.

The judgment of the circuit court having been affirmed on September 24, 1889, without the leave above given to apply for a modification thereof, the appellant moved for a rehearing for the purpose of asking this court "to direct the circuit court to so modify the terms and time of payment as not to be burdensome upon the defendant."

The motion for a rehearing was denied December 13, 1889, but leave was given, as above expressed, to apply to the trial court for a modification of the judgment.