Kempster vs. Evans.

---

Kempster, Respondent, vs. Evans, imp., Appellant.

*January 15 — February 2, 1892.*

*Divorce: Alimony: Final division of property: Assignment.*

1. A judgment of divorce providing that the husband pay a certain sum annually out of his estate to the wife as alimony, so long as she shall remain unmarried, and that "this judgment for alimony be and stand as a final division of property between the plaintiff

Kempster vs. Evans.

and defendant," does not make a final division of the property, within the meaning of secs. 2364, 2369, R. S., and may be afterwards modified by the court.

2. An instalment of alimony adjudged to be paid to a wife is not assignable before it is due.

APPEAL from the County Court of *Winnebago* County.

It appears from the record that June 19, 1885, a judgment of divorce was rendered in favor of the plaintiff, and against Walter Kempster, wherein and whereby the said Walter Kempster was adjudged to pay to the plaintiff out of his estate, as alimony, for her personal support and maintenance, the sum of $1,000 annually, in quarterly instalments, one fourth in advance on the 19th days of June, September, December, and March of each year during her natural life, if she remained unmarried; that in the event of her marriage such alimony would terminate; that said judgment for alimony was therein declared to be and stand as a final division of property between the said plaintiff and the said Walter Kempster. On March 26, 1891, upon the petition of the plaintiff stating, in effect, the facts mentioned, and that March 21, 1891, the said Walter Kempster paid into court the sum of $250, being for the quarterly payment of alimony for the quarter ending June 19, 1891, and that said Walter Kempster, at the time of depositing said money with the clerk of the court, notified him that said *Evans*, of Minneapolis, claimed said money, and that one Folsom, of the same place, claimed the control thereof as alimony, she obtained an order upon said *Evans* and Folsom to show cause why said $250 should not be paid to her, which petition and order were duly served upon them. Said *Evans* thereupon answered said petition, and, among other things, therein stated that March 1, 1890, he leased to the plaintiff a certain store in Minneapolis from March 1, 1890, to March 1, 1893, for the rent of $110 per month, and that said lessee therein covenanted to pay said rent monthly

in advance; that, to secure the payment of said lease, the said plaintiff at the same time sold and assigned to said *Evans* all her right, title, and interest to said alimony, as a partial payment of rent for the full period of said lease; that thereupon the plaintiff entered into the possession of said premises, and actually occupied the same for a store and dwelling until December 1, 1890, at which time she abandoned the same; that there was due and payable from the plaintiff to said *Evans*, and on account of said lease, the sum of $540; and that said Walter Kempster had due notice of said assignment of said judgment of alimony to said *Evans*. The prayer of the answer was that said money so deposited with the clerk be paid to said *Evans*.

To that answer the plaintiff demurred on the ground that the same did not state facts sufficient to constitute a defense to said petition. From an order sustaining that demurrer the said *Evans* appeals.

*Frank C. Stewart,* for the appellant, contended, *inter alia,* that when a judgment of divorce awards personalty only to the wife, whether payable like an annuity or in a gross sum, the question whether it operates as a division of estate depends upon the intention of the court as expressed in the judgment. *Thomas v. Thomas,* 41 Wis. 229; *Hopkins v. Hopkins,* 40 id. 466; *Bacon v. Bacon,* 43 id. 209; *Blake v. Blake,* 68 id. 308. Independent of the expressed intention of the court, there is a very essential feature of this annuity itself which necessarily causes it to operate as a division of estate, viz., it is to continue for the life of the wife. Under our statute the court may do one of two things — either award alimony proper or divide the estate. And when the court makes a provision for the wife which is not alimony proper, the judgment itself works a division of estate. *Bacon v. Bacon,* 43 Wis. 209; *Webster v. Webster,* 64 id. 438. A life annuity, from its very nature, is not alimony proper. *Campbell v. Campbell,* 37 Wis. 216; 2

Bishop, M. & D. (6th ed.), 428; *Lennahan v. O'Keefe*, 107 Ill. 626; *Dewees v. Dewees*, 55. Miss. 315; *O'Hagan v. O'Hagan's Ex'rs*, 4 Iowa, 509; *Burr v. Burr*, 10 Paige, 20; *S. C.* 7 Hill, 209. The use of the term alimony in the judgment is a mere misuse of the word. 2 Bishop, M. & D. 427; *Bacon v. Bacon*, 43 Wis. 209; *Holbrook v. Comstock*, 16 Gray, 110.

For the respondent there was a brief by *Thompson & Davidson*, and oral argument by *J. H. Davidson*.

CASSODAY, J. It is a general principle of the law of divorce in this country that courts only possess such powers as are conferred by statutes. *Hopkins v. Hopkins*, 39 Wis. 171; *Bacon v. Bacon*, 43 Wis. 202; *Cook v. Cook*, 56 Wis. 203; *Clarke v. Burke*, 65 Wis. 361; *Blake v. Blake*, 75 Wis. 343. The statute authorizes the court, in the first instance, to adjudge to the wife alimony out of her husband's " *estate*," or to " finally divide and distribute the estate, both real and personal, of the husband, and so much of the estate of the wife as shall have been derived from the husband, between the parties; and divest and transfer the title of any thereof accordingly, having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the case," as therein indicated. Sec. 2364, R. S. Of course, where there is a final division in the first instance, there is no good ground for a subsequent modification of the judgment; and hence the statute declares that, " when a final division of the property shall have been made under the provisions " of the section cited, " no other provisions shall be thereafter made for the wife." Sec. 2369, R. S. " But where, in the first instance, alimony is adjudged to the wife, whether payable in limited amounts from time to time, or in gross, the court is expressly authorized, ' from time to

time, on the petition of either of the parties,' not only to
' revise and alter such judgment respecting the amount of
such alimony or allowance, and the payment thereof,' but
to ' make *any judgment* respecting any, of the said matters
which such court *might have* made in the original action.' "
Sec. 2369, R. S.; *Blake v. Blake,* 75 Wis. 343.   When the
case last cited was here on the first appeal, it was held that
" every provision in a judgment of divorce for the support
of the wife, unless it is expressly declared to be a division
and partition of the estate of the husband, will be construed
as alimony; and the court may afterwards, under changed
circumstances, modify such judgment as may be just."   68
Wis. 303.   By the original judgment in that case the hus-
band was ordered and adjudged to pay to the wife " the
sum of $2,000 upon the execution by her of a release in full
of all her dower right that she ever had, now has, or at any
time might have, in any of the real estate owned by the
defendant,   .   .   .   during coverture; " and yet it was there
held that such judgment was not a final division of the es-
tate or property, within the meaning of the sections of the
statutes cited.   In *Campbell v. Campbell,* 37 Wis. 219, fol-
lowed in *Blake v. Blake,* 75 Wis. 342, " it was in effect said
that all the estate and income of the husband, whenever
and however acquired, actually possessed and enjoyed by
him at the time of a subsequent judgment for alimony or
a subsequent judgment for division of estate, is subject to
such subsequent judgment."

It will be observed, from the statutes quoted and the
decisions cited, that alimony or allowance is to be paid out
of the estate, income, and resources of the husband, leav-
ing the question of the absolute title to the estate or prop-
erty, as between him and his wife, untouched; whereas, a
final division and distribution of " the estate, both real and
personal, of the husband, and so much of the estate of the
wife as shall have been derived from the husband, between

the parties," is therein declared to operate so as to "divest and transfer the title of any thereof accordingly," and hence absolutely; and therefore such final division precludes the court from thereafter making any other provision for the wife in such action.   In the case at bar $1,000 annually was adjudged to the wife "*as alimony* for her personal support and maintenance," payable as designated, during her natural life, in case she remained unmarried; but provided that, in the event of her marriage, then such alimony should at once terminate.   True, it declared that such judgment *for alimony* should "be and stand as a final division of property between the plaintiff and the defendant," but such alimony or allowance was liable to be terminated at any time by such marriage.   Besides, it did not undertake to make the final division and distribution of the husband's estate contemplated by the statutes cited, so as to vest in the wife any absolute and irrevocable right, title, or interest in any portion of such estate, or to vest the title thereof absolutely and irrevocably in the husband, so as to preclude the court from thereafter modifying said judgment and making other provision for the wife.

Such being the law applicable to the alimony so allowed to the plaintiff, the question recurs whether any of the instalments thereof, before they actually accrued and became payable, were assignable by her to *Mr. Evans* in payment or as security for the rent mentioned.   It was held, in effect, in *Barber v. Barber*, 2 Pin. 297, that since a decree for alimony on a divorce in another state is in its nature temporary and liable to be modified or annulled by the court in which it was rendered, it has not the force and effect of a judgment at law, and hence that an action at law could not be maintained on it.   That case was approved in an equity suit between the same parties in 21 How. 582.   In *Campbell v. Campbell*, 37 Wis. 219, this court went so far as to hold that "the court which decrees a divorce cannot, by

Kempster vs. Evans.

any form of judgment then rendered in reference to alimony, deprive itself of the authority given it by statute to revise such judgment." To the same effect are *Coad v. Coad*, 41 Wis. 23; *Thomas v. Thomas*, 41 Wis. 229; *Guenther v. Jacobs*, 44 Wis. 354. While no case has been cited by counsel directly holding that such allowance or alimony is or is not assignable, yet the principles stated lead to the inevitable conclusion that it is not assignable. Upon examination we find, however, it has recently been so held in *In re Robinson*, L. R. 27 Ch. Div. 160, where LINDLEY, L. J., stated, in effect, that the question had never before been distinctly decided. That case was subsequently expressly sanctioned by the Queen's Bench, in holding that such alimony was not a " debt or liability " provable against the husband in bankruptcy, and that, notwithstanding his bankruptcy, he was still liable to continue the payments. *Linton v. Linton*, L. R. 15 Q. B. Div. 239. To the same effect are *Ex parte Fryer*, L. R. 17 Q. B. Div. 718; *Haddon v. Haddon*, L. R. 18 Q. B. Div. 778; *Re Otway, Ex parte Otway*, 58 Law T. (N. S.), 885. Upon the same theory it has been held in Michigan that " a contract made between a wife and her solicitors in advance of a decree for divorce and alimony, giving the solicitors one half of such alimony, is void, as against public policy." *Jordan v. Westerman*, 62 Mich. 170. *Hackley v. Muskegon Circuit Judge*, 58 Mich. 454, was quite similar, and it was there in effect held that such alimony was not the subject of an assignment.

We must hold, upon authority as well as principle, that the instalment of alimony deposited with the clerk in March, 1891, did not pass to *Evans* by the assignment of March, 1890.

*By the Court.*— The order of the county court is affirmed.