/     Bassett, Appellant, vs. Bassett, Respondent.

*March 28 — April 12, 1898.*

*Divorce: Additional judgment for alimony.*

Unless the decree, in an action for divorce and alimony, not only grants the divorce, but gives alimony or makes an allowance for the wife, the court has no power under sec. 2369, R. S. 1878, afterward to open the judgment or to make any additional judgment for alimony.   Expressions to the contrary in *Cook v. Cook*, 56 Wis. 195, and *Crugom v. Crugom*, 64 Wis. 253, overruled.

Appeal from an order of the county court of Fond du Lac county: A. E. Richter, Judge.   *Reversed.*

In May, 1889, plaintiff filed a complaint for divorce against defendant in county court, Fond du Lac county, alleging sufficient grounds therefor, and also setting out his property interests and income, and demanded a share of his property as alimony.   Pending the suit, she obtained an order for temporary alimony and suit money; and, upon his neglect

to comply therewith, she sought to have the defendant pun-
ished for contempt.    The contempt proceedings were dis-
missed, and on May 20, 1889, plaintiff was granted an abso-
lute divorce; but no provision of any kind was made in the
judgment for alimony, and no division of property was made.
In September, 1897, the plaintiff filed a petition to open the
judgment, and to procure an additional judgment for ali-
mony, setting out that defendant was the owner of the same
property described in the complaint, and that she was in
needy circumstances.    An order to show cause was issued,
and, upon hearing of the same, the county court found that
this was a proper case in which to allow alimony, and fixed
a date for hearing proofs for the purpose of fixing the
amount of alimony and the terms of such further additional
judgment.    The defendant filed his exceptions, and appealed
to this court from the order so entered.

   *Edward S. Bragg*, of counsel, for the appellant.

   For the respondent the cause was submitted on the brief
of *DeW. C. Priest.*

   BARDEEN, J.    The question involved in this appeal is new
and interesting, and is raised for the first time in this court.
It depends largely, if not entirely, upon the proper reading
and construction of sec. 2369, R. S. 1878, which is as follows:
"*After a judgment providing for alimony or other allowance
for the wife and children,* or either of them, or for the ap-
pointment of trustees as aforesaid, the court may from time
to time, on the petition of either of the parties, revise and
alter such judgment, respecting the amount of such alimony
or allowance, and the judgment thereof,   .  .  .   and may
make any judgment respecting any of said matters which
such court might have made in the original action.    But
when a final division of the property shall have been made
under the provisions of section 2364, no other provision
shall be thereafter made for the wife."    The nature of the

judgment and any power of the court over it must be determined by the proper construction of this statute. Except in cases coming within some statutory power, it is the settled law of this state that the courts have no power to revise, alter, or set aside their judgments after the term at which they were rendered. *Ætna L. Ins. Co. v. McCormick*, 20 Wis. 265; *Salter v. Hilgen*, 40 Wis. 363; *Bacon v. Bacon*, 43 Wis. 197; *Day v. Mertlock*, 87 Wis. 577. And this rule applies to all matters on which the mind of the court did act, or is presumed from the record to have acted, in the rendition of the judgment; else, there might never be an end of litigation.

The courts in this state have no common-law jurisdiction over the subject of divorces, and their authority is confined altogether to the exercise of such express and incidental powers as are conferred by the statute. *Kempster v. Evans*, 81 Wis. 247. This is also the rule in New York. *Erkenbrach v. Erkenbrach*, 96 N. Y. 456. Another proposition quite firmly settled by the adjudications in this state is that the revisory power of the court under this section is always open when the court has, in the first instance, granted alimony or made some allowance short of a final division of the husband's property. *Campbell v. Campbell*, 37 Wis. 206; *Cook v. Cook*, 56 Wis. 195; *Blake v. Blake*, 75 Wis. 339. These decisions recognize the fact that the power of the court in this respect is limited and environed by the letter of the statute, and cannot be exercised except in cases that come plainly within its terms. Mr. Justice TAYLOR, in a concurring opinion in *Cook v. Cook*, however, seems to have lost sight of the limitations which bind the courts. He there makes the broad statement that "the power of the court to award alimony to a wife in a divorce suit does not depend on the fact that some alimony was awarded at the time the judgment of divorce was granted." He was somewhat cautiously followed by Chief Justice COLE in *Crugom v. Crugom*,

64 Wis. 253. In that case, as in this, the judgment was silent as to alimony, and the record did not show that any claim was made by the wife for alimony. The learned chief justice says: "The tendency of the decisions to which we have referred clearly is that the court has the statutory power to award alimony, though the judgment for divorce, long since rendered, does not mention it." But in every decision to which he makes reference some provision had been made in the original judgment for the wife, short of final division of the property.

In the case at bar, the plaintiff, in her complaint, demanded an allowance as alimony or a division of the property. She sought the enforcement of a preliminary order requiring the defendant to pay alimony, but was defeated. She then took her judgment, which was silent as to alimony. The law presumes that every question involved in the action was passed upon by the court; and the judgment became final, not only as to the matter actually determined, but as to every other matter which the parties might, under the pleadings, have litigated in the cause. *Kamp v. Kamp*, 59 N. Y. 212. So when the plaintiff took her judgment without securing the rights she might have obtained under the pleading, it may well be claimed that the judgment stands *res adjudicata* for all time. But, were this not so, we still think she is remediless under the statute. It says: "After a judgment providing for alimony, or other allowance for the wife and children, or either of them," the court may revise and alter the same. The policy of the law is that judgments once solemnly entered shall be final and conclusive, and, when the term is ended, the record is in the roll, and not in the breast of the judges. Under the statute, what judgment is it that may be altered and revised after the term? Clearly, only such a judgment as shall have made some provision for alimony or allowance to the wife. By expressly granting the authority to revise or alter a par-

ticular judgment, it impliedly prohibits the exercise of that power as to any other judgment. We therefore desire to say with as much emphasis as we may that, under this section of the statute, the trial court has no power to alter or revise a judgment for divorce unless the judgment itself shows that some provision was made for alimony, or some allowance made to the wife. Whatever was said in the *Crugom Case* or prior cases in conflict with this construction must be deemed to be overruled. The conclusion arrived at seems amply sustained by a reading of other sections of the statutes relating to divorce.

*By the Court.*— The order of the county court of Fond du Lac county is reversed, the defendant to pay clerk's fees and cost of printing plaintiff's brief.