RENNER, Respondent, vs. RENNER, Appellant.

*February 6—February 23, 1906.*

*Divorce: Support of children: Judgments: Modification: Failure to make payments: Contempt.*

1. Under sec. 2362, Stats. 1898 (conferring authority on courts to make provision in a divorce judgment for the care, custody, maintenance, and education of the minor children of the parties), sec. 2363 (authorizing revision and alteration of such judgments, and the making of a new judgment concerning the

minor children), and sec. 2364 (providing that, where a final division and distribution of the estate is decreed between the husband and wife, it shall not impair the power of the court in respect to revision of allowances for minor children under sec. 2363), the court in which a divorce action has proceeded to judgment has authority to make a new judgment concerning the allowance to minor children as the circumstances of the parents and the benefit of the children shall require, whether or not the original judgment contains any provision concerning such children.

2. Where a judgment of divorce made a final division and distribution of the husband's estate and awarded the custody of the minor children to the wife but made no provision for the minor children, the court may properly modify the judgment by requiring the husband to pay for their support.

3. Where such modified judgment specifically declared the allowance for the minor children to be a lien upon the husband's realty, such judgment may be enforced by contempt proceedings.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

On July 25, 1903, the circuit court for Milwaukee county awarded judgment in this action, decreeing a divorce between the parties and making a final division and distribution between the parties of the estate of the defendant. It was also adjudged:

"That the plaintiff is a fit and proper person to have, and is hereby awarded, the care, custody, and control of the infant children of the parties hereto, to wit, Joseph Renner, Rosa Renner, and Henry Renner; the defendant, however, having the right to visit and see said children at any and all reasonable times and apart from the plaintiff."

The judgment provided for a final division and distribution of the property of the parties and decreed that it was "in lieu of any alimony or other provision." On April 15, 1905, the court made an order, upon due proceedings, directing that the judgment be modified to the effect that the defendant be required and ordered to pay plaintiff, as for a contribution by him to the support and maintenance of the

minor children of the parties, the sum of $3 per week until the court should order or adjudge otherwise; the time of payment was specified, and defendant was ordered and required to pay the costs and disbursements particularly included in the order; and it was further ordered and adjudged that the sums due and remaining unpaid, pursuant to the order for the modification of the judgment, should be a lien on the real estate of defendant covered by the original judgment of division and distribution of the real estate between the parties. On July 8, 1905, plaintiff instituted proceedings, by petition and order to show cause, why defendant should not be punished as for a contempt for his disobedience in not complying with the direction of the court for the payment of the sums to plaintiff for the support and maintenance of their minor children, and the costs and disbursements therein specified. After hearing the parties upon this application the court made an order on July 15, 1905, adjudging that defendant was guilty of the contempt as charged, and further adjudging that he have five days to pay all of the sums due under the orders of April 15, 1905, together with the costs and disbursements allowed against him in this hearing, and in default of purging himself of such contempt he was to be attached and committed to the county jail until he should pay to plaintiff or her attorney the sums due and the sheriff's fees on such attachment and commitment. This is an appeal from the order adjudging defendant guilty of contempt and committing him to jail in default of his purging himself of the contempt by compliance with the order.

For the appellant there was a brief by *Hoyt, Doe, Umbreit & Olwell,* and oral argument by *A. C. Umbreit.*

For the respondent there was a brief by *Scheiber & Orth,* and oral argument by *C. A. Orth.*

SIEBECKER, J. It is argued that the court had no power to modify the original judgment, which provided that the

care, custody, and education of the minor children of the parties should be awarded to the plaintiff, and for a final division and distribution between the parties of their estate, "in lieu of any alimony and other provision" for the wife. This claim is based on the provisions of the statute prescribing what judgments the court may make concerning the care, custody, maintenance, and education of the minor children of the parties; the payment of alimony to the wife, and for allowances for the support of minor children committed to her care; or for a final division and distribution of the estate of the parties. The court decreed a final division of the estate of the parties and awarded to plaintiff the care, custody, and education of the minor children, *without requiring* that defendant make any contribution or payment for their maintenance and support. The power of courts in actions for divorce is wholly derived from the statutes on the subject. *Kempster v. Evans,* 81 Wis. 247, 51 N. W. 327; *Bassett v. Bassett,* 99 Wis. 344, 74 N. W. 780. We must then look to the statutes to ascertain what powers to revise and alter judgments in such actions are conferred on the courts. Sec. 2362, Stats. 1898, confers authority on courts to make provision in divorce judgments for "the care, custody, maintenance, and education of the minor children of the parties," and sec. 2363, Stats. 1898, authorizes revision and alteration of such judgments, and the making of new judgments concerning the minor children. The succeeding section provides in what cases the court may decree an allowance for the support and maintenance of the wife, and award an allowance to her for the support, maintenance, and education of the minor children committed to her care, and for making a final division and distribution between the parties of the estate involved, with a proviso that in case such final division and distribution of the estate be decreed between the husband and wife, it "shall [not] impair the power of the court in respect to revision of allowances for minor children under the next pre-

ceding section." The authority to revise and alter a judgment, from time to time, respecting the care, custody, maintenance, and education of minor children is thus expressly conferred, regardless of whether or not the original judgment directed that such an allowance should be paid by either party for their support. It is claimed that the authority so granted to alter and revise judgments is limited by the provisions of sec. 2369, Stats. 1898, to cases wherein the original judgment provided for the payment of alimony or other allowance for the wife and children, or either of them, as held in the case of *Bassett v. Bassett, supra,* upon the principle that, where the statute expressly grants "the authority to revise or alter a particular judgment, it impliedly prohibits the exercise of that power as to any other judgment." The judgment in the *Bassett Case* made no allowance for the wife, though she had asked for such relief in her complaint. It therefore followed by implication that it had been denied to her, and that the court had adjudicated the question for all time. But, as shown above, there is no such want of authority as to judgments respecting minor children. The preceding section expressly authorizes their revision and alteration from time to time, and provides that a decree for final division and distribution of the property of the parties, as awarded in this case, shall not impair such power. The case of *Bassett v. Bassett, supra,* is to be read in view of the facts before the court, which presented an application for a modification of a judgment wherein no provision for alimony or an allowance was made for her, and it was therefore held that under sec. 2369, Stats. 1898, "the trial court has no power to alter or revise a judgment for divorce unless the judgment itself shows that some provision was made for alimony, or some allowance made to the wife." We do not think the legislature by this section intended to restrict the power of courts to alter and revise divorce judgments, from time to time, concerning the care, custody, maintenance, and education of the minor children

of the parties, and we must hold that the courts have authority over their judgments of this character, to "make a new judgment concerning the same as the circumstances of the parents and the benefit of the children shall require," whether or not the original judgment contains any provision concerning them. The court properly modified the judgment by requiring defendant to pay the amount directed for the support of the minor children.

It is insisted that, in view of the provisions of the order modifying the judgment, the court erred in its adjudication that defendant was guilty of contempt in his omission to pay the sums directed, because the allowance so made for the support of the children is specifically declared to be a lien upon defendant's real estate, and payment could therefore be enforced under an execution. It is also claimed that, whenever this remedy exists, contempt proceedings are not permissible to compel enforcement of the court's orders.

We are of opinion that all the considerations submitted by the appellant against the validity of the order in the contempt proceedings are fully covered in the case of *Staples v. Staples,* 87 Wis. 592, 58 N. W. 1036, and that the order appealed from was properly made and is ruled by the decision in that case.

*By the Court.*—The order appealed from is affirmed.