MARGUERITE FINCH MAXWELL
*vs.*
DENNIS GRAY MAXWELL

Superior Court          Fairfield County          File No. 58090

MEMORANDUM FILED JUNE 30, 1942.

*Hereward Wake,* of Westport, for the Plaintiff.

*Kenealy & Ryan,* of Stamford, for the Defendant.

Memorandum of decision on application for modification of judgment in respect to alimony.

O'SULLIVAN, J.   On June 25, 1940, the plaintiff obtained a decree of divorce from the defendant on the ground of in-tolerable cruelty.   The judgment file recites this conclusion and then continues: "and it is further adjudged that defendant pay alimony and support said minor child as per stipulation on file."

It should be noted, by way of parenthesis, that the recital of the order in the file does not conform with approved prac-tice.   In a divorce action, a prior agreement as to alimony and support should not be incorporated in the decree, either expressly or by reference, although its terms may be a part thereof.   *Lasprogato vs. Lasprogato,* 127 Conn. 510.

However, it becomes apparent by examining the stipulation signed by the parties what the order as to the payment of alimony and support covers.

The stipulation provided that: "in the event that a divorce is granted, it is hereby stipulated and agreed by and between the parties hereto, with the approval of the Court, as follows: By way of alimony, the defendant will turn over to the plaintiff such household furniture as may be in said house; together with such rings as are in either actual or constructive

possession of said defendant and belonging to the plaintiff." Then follows a paragraph containing provisions for the support of the minor son of the parties.

The defendant has honored all of the requirements imposed on him by the decree. During the past year, he has paid for the support of his son about $950. His income last year was $7,300. His present salary is about $103 a week and he may or may not receive a bonus from his employer before the year ends.

Under these circumstances, there is, it seems to me, no occasion to increase the amount of support for the child, for whom, I believe, the father has real affection and who will have no objection to the making of additional voluntary payments, should the need or occasion for so doing arise. He has already indicated this by the extent of his gifts to his son during the past year.

The provision concerning alimony, so-called, is more puzzling, for, so far as the stipulation discloses, the defendant has escaped any payment of money and has assumed nothing other than the relinquishing of whatever rights he may have had in the ownership of certain household furniture, and the returning of certain jewelry belonging to the plaintiff.

When a trier grants a divorce, he may, under section 5182 of the General Statutes, Revision of 1930, follow one of three courses: (1) he may "assign to any woman....a part of the estate of her husband"; (2) he may, in addition to or in lieu of the authority possessed under (1), "order alimony to be paid from the husband's income"; (3) he may do nothing.

The term "alimony" is often applied when a part of the husband's estate is assigned to the wife, but this is not its strict legal definition. Alimony, which signifies literally nourishment or sustenance, is the allowance which a husband is compelled to pay to his wife for her maintenance when she is living apart from him or has been divorced. The mode of the allowance or the name by which it is called does not determine its character, since the true test is the purpose for which it is made.

If, then, a trier makes an award under either (1) or (2) it is strictly alimony, if its purpose is to provide support, whether to a greater or less extent, for the wife. It need

not be an order requiring the payment of money. Any property, real or personal, may serve as the medium.

The Superior Court is authorized under said section 5182 to set aside or alter "any order for the payment of alimony from income" at any time after the decree is entered. This section makes no reference to an order under (1) by which "a part of the estate of her husband" may be assigned to the wife. When an order of this latter nature is passed, it has a finality that challenges modification.

Applying these principles to the situation at hand, one finds certain obstacles that prevent the modification the plaintiff seeks.

In the first place, the provision incorporated by reference into the decree is not alimony. When the parties stipulated that the defendant should return to his wife her own jewelry and to permit her to regain possession of certain household furniture, it would be stretching to the breaking point the definition of alimony, which, it will bear repeating, is an allowance for her support and maintenance.

I think it is apparent from the language of the stipulation, in the light of the circumstances at the time, that some dispute about the jewelry and the furniture was being ironed out, and though the stipulation uses the words "by way of alimony" when referring to these matters, there was no intention that they were considering the return of the articles as a payment of alimony.

But, assuming that the delivery of the furniture was alimony, within the true definition, the inevitable conclusion must be that, in returning the household articles to her, the husband is not acting under an order concerned with "the payment of alimony from income." If he owned the furniture, the order, at best, could be but an assignment of part of his estate to her, which is final and cannot be modified, except perhaps for fraud or mistake.

It all sums up as follows: the order requiring the defendant to pay over to the plaintiff the household furniture either amounted to an order to pay alimony or it did not amount to such an order. If it was the former, it was final. Only alimony paid from income is subject to modification. If it was the latter, there cannot be a modification of something

that doesn't exist. It is generally held that statutes permitting modifications or changes as to the alimony do not apply where no alimony was granted in the decree. *Howell vs. Howell,* 104 Cal. 45, 37 Pac. 770; *Duvall vs. Duvall,* 215 Iowa 24, 244 N.W. 718; *Cameron vs. Cameron,* 31 S.D. 335, 140 N.W. 700; *Bassett vs. Bassett,* 99 Wis. 344, 74 N.W. 780.

One further reason might be given as the basis for the court's action, but it need not be mentioned.

The motion is denied.