WALTRAUD V. BROWN *v.* RODNEY B. BROWN

SUPERIOR COURT          NEW LONDON COUNTY          FILE NO. 33928

Memorandum filed April 24, 1972

*David G. Proctor,* of Niantic, and *C. Robert Satti,* of New London, for the plaintiff.

*Greenberg & Hendel,* and *Suisman, Shapiro, Wool & Brennan,* both of New London, for the defendant.

LONGO, J. The plaintiff was granted a decree of divorce from the defendant and was awarded custody of the minor child of the parties. The defendant was ordered to pay the plaintiff toward the support of the minor child. Subsequently, on February 5, 1970, the plaintiff filed a motion to open the judgment and modify it.

At the hearing of the motion on February 27, 1970, during the short calendar session, the parties presented to the court a stipulation and modification of the judgment providing that the defendant was to pay the sum of $10 per week alimony to the plaintiff beginning February 27, 1970, and the sum of $20 per week beginning April 1, 1970. The court *(Longo, J.)* opened the judgment and modified it in accordance with the stipulation. The matter came before the court again on February 11, 1972, on the plaintiff's application to hold the defendant in contempt for failure to pay support and alimony to the plaintiff.

The parties are agreed that the issue to be decided by this court is whether the court validly opened its

judgment, granting alimony to the plaintiff in accordance with the stipulation and agreement filed by the parties. The defendant claims that he cannot be found in contempt for failure to pay alimony since the court was without power to modify the judgment and order alimony. On the other hand, the plaintiff claims that the court has the power to open and modify by awarding alimony, when such action is taken after the adverse party has entered and waived any right to question the court's jurisdiction; and, further, that even if the defendant had not voluntarily appeared and stipulated to the opening and modification of the judgment, the action of the court would be legal and within its discretionary powers.

At the time of the hearing and entry of judgment of divorce, the plaintiff stated that she was not asking for any alimony at that time, only child support. The court inquired why she was not asking for alimony. Counsel for the plaintiff stated to the court that the plaintiff intended to take the child to Germany for a vacation, with the understanding that the child would return to the United States and live. After entering judgment for custody and support of the child, the court stated that there was no award of alimony. The court further ordered the defendant to pay the mortgage payment on the jointly owned property for the month of August. Although the plaintiff claims that the matter of alimony was left open for determination at a later date, the transcript fails so to indicate.

The court is of the opinion that it erred in accepting and approving the stipulation of the parties and, absent statutory authority, in ordering the award of alimony to the plaintiff, since it did not make an award of alimony when the decree of divorce was rendered.

Section 46-21 of the General Statutes states in part: "The superior court may assign to any woman divorced by such court a part of the estate of her husband and, in addition thereto or in lieu thereof, may order alimony to be paid from the husband's income . . . . Any order for the payment of alimony from income may, at any time thereafter, be set aside or altered by such court." In *Arserio* v. *Arserio,* 13 Conn. Sup. 146, the court held that where there is no order of alimony, there is no order to be set aside or altered. The court denied a claim for alimony subsequent to the judgment, stating that the "suggestion that alimony be now awarded to the wife seems to be adversely answered by the statute itself."

Generally, statutes permitting modifications or changes as to alimony would not apply where no alimony was granted in the decree. *Howell* v. *Howell,* 104 Cal. 45; *Duvall* v. *Duvall,* 215 Iowa 24; *Bassett* v. *Bassett,* 99 Wis. 344. Statutory power to modify a decree and permit alimony does not inferentially authorize the court to award alimony after a divorce when none was given by the decree. *Howell* v. *Howell,* supra. "To allow alimony subsequently to the decree would amount to an original and new judgment, not a modification; alteration can be made only of something then in existence." 24 Am. Jur. 2d 776, Divorce and Separation, § 658.

"A divorce decree is res judicata as to every matter that was, or should have been formally put in issue in the divorce suit and litigated as an incident thereto, and this includes the incident of alimony. . . . Ordinarily, the judgment or decree in the divorce or separation suit, even though silent as to alimony, operates as res judicata not only as to the right to a divorce or separation, but as to the question of alimony as well. The failure to grant alimony is properly treated as the equivalent of a

denial of alimony and, in the absence of statute or a provision in the decree, as conclusive against the granting of alimony on a subsequent application therefor. Id. § 662, pp. 778–79.

The court concludes that the award of alimony after judgment had entered is invalid.