## Cynthia Perez Ross *v.* Vincent C. Ross, Jr.

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued November 4, 1976—decision released January 18, 1977

*Harry H. Hefferan, Jr.,* with whom was *Carol G. Bretschger,* for the appellant (defendant).

*Thomas C. Sargent,* with whom was *Robert P. Scholl,* for the appellee (plaintiff).

Bogdanski, J. This is an appeal from a supplemental judgment decreeing custody, child support, alimony and a division of property incident to an action for dissolution of a marriage. Error is assigned in the court's refusal to find material facts, in the finding of facts without evidence, in the overruling of claims of law, and in the conclusions reached.

The sole issues pressed on this appeal are: (1) whether the court had jurisdiction to assign alimony and child support at a hearing held more than six months after the entry of a decree of dissolution, and (2) whether the court's awards were arbitrary, unreasonable and excessive.

The parties were married in Rye, New York, on September 12, 1959, and have three children from that marriage. After the birth of the third child in 1969, the husband left the household, moving first to New York and then to Palm Beach, Florida, his domicil at the time of trial. The plaintiff commenced an action for divorce in 1970, which she later amended to an action for dissolution of marriage. Since 1970, the plaintiff has brought proceedings against the defendant in both Connecticut and New York courts for temporary alimony and support.

In 1974, the defendant commenced an action for dissolution of the marriage in Palm Beach County, Florida. On June 4, 1974, the Connecticut action was set down for a hearing. The defendant did not appear but was represented by counsel. Although his counsel indicated that the defendant did not oppose the dissolution, he did state that he was not "in a position to go forward and to adequately defend . . . [his] client especially on the financial aspects" and asked for a continuance. The court proceeded with the hearing but expressly limited it to the question of dissolution of the marriage. After both counsel had agreed that the issues of custody and finances would be the subject of a subsequent hearing, the court received testimony on the issue of dissolution. Thereafter, the court ordered a dissolution of the marriage but specifically reserved the matters of custody, child support and alimony to a further hearing.

A subsequent hearing was assigned for November 26, 1974, but, upon the request of the defendant, a further continuance was granted. The hearing was finally set down for January 28, 1975, when the defendant appeared and testified. The court then made its custody and financial awards.

The defendant argues that the jurisdiction of the court to issue alimony orders pursuant to the provisions of §§ 46-51 and 46-52 of the General Statutes[1] is limited to the *time of entering a decree dissolving the marriage*. He asserts that the clear implication of the language in those statutes

[1] "[General Statutes] Sec. 46-51. ASSIGNMENT OF PROPERTY. At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46-36, the superior court may assign to either the husband or wife all or any part of the estate of the other. In fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46-48, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

"[General Statutes] Sec. 46-52. ALIMONY. The superior court, in addition to or in lieu of an award pursuant to section 46-51, may, at the time of entering the decree, order either of the parties to pay alimony to the other, which order may direct that security be given therefor on such terms as the court may deem desirable. In determining whether alimony shall be awarded, and the duration and amount of the award, the court, after hearing witnesses, if any, of each party, except as provided in subsection (a) of section 46-48, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46-51 and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent securing employment."

"is that [the] judicial . . . [power] over a division of estates of the parties and over maintenance, if it is to be exercised at all, must be exercised simultaneously with the act severing the marriage ties"; that allowance of alimony subsequent to the decree would amount to an original and new judgment; and that if provisions for property settlements are not made simultaneously with the entering of the decree, the court is foreclosed from subsequently claiming jurisdiction over the matter.

In the present case, both the memorandum of decision and the judgment expressly recited that matters relating to custody and finances would be the subject of a subsequent hearing. The issue then is whether the court could retain jurisdiction to act on such matters after it had entered the dissolution decree.

The issue is of first impression in this state. Where the question has been considered, however, the courts have by and large indicated that whether jurisdiction was retained was dependent upon the presence of an express reservation.

In *Howell* v. *Howell,* 104 Cal. 45, 37 P. 770, the California Supreme Court, in discussing a decree with a similar reservation, noted (p. 48): " '[J]ust as there can be no grant of alimony after such a divorce, so there can be no change in the award of alimony, unless the right to make such a change is reserved by the court in its decree, as it may be, or is given by statute, as it often is.' " "[I]n the area of domestic relations, it is common practice . . . to enter a judgment dissolving the marriage and to reserve jurisdiction to determine the severable issues of alimony, child custody and support pending further investigation into these matters." *Klarish* v. *Klarish,* 296 So. 2d 497, 498 (Fla. App.); see

*Buehler* v. *Buehler*, 229 Md. 317, 182 A.2d 877; *Kronforst* v. *Kronforst*, 21 Wis. 2d 54, 65, 123 N.W.2d 528; and see cases collected in annot., 43 A.L.R.2d 1409. We conclude that the trial court retained jurisdiction over the financial matters to a date after the issuance of the dissolution decree.

The defendant next contends that the court's financial awards were excessive. The court awarded monthly support of $400 and health insurance for each child, periodic alimony of $2000 per month and a lump sum payment of $20,000. The court transferred the family home to the plaintiff free and clear of all encumbrances and also awarded certain legal fees.

In considering the financial awards, it was necessary for the trial court to draw reasonable conclusions from the evidence presented before it and to take into consideration certain relevant statutory provisions. Section 46-52 provides that in determining alimony decrees, the court "shall consider the length of marriage, the causes for the . . . dissolution . . . , the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income." Section 46-51 contains a list of similar elements to be considered in making assignments of property. In its finding the trial court expressly stated that it took into consideration all the elements set out in those statutes.

The defendant argues that the awards were unreasonable in view of his income, assets and liabilities and that the court failed to apply properly the rele-

vant statutory elements. We do not agree. The defendant conceded that his net worth was in excess of $300,000, and that he had an annual income from securities and a trust amounting to $51,000. He claimed payments on indebtedness amounting to approximately $40,000 annually. The record, however, clearly demonstrates that the plaintiff and defendant lived in a lavish style on the resources of the defendant prior to the separation, and that the defendant continued to live lavishly after the separation. The defendant's lavish style of living included the ownership of a $100,000 yacht with a captain at a weekly salary of $200 and a monthly mooring charge of $170, together with expenditures of as much as $1500 a week at just one of the ten listed social clubs of which he was a member.

Moreover, as already noted, the court "took into consideration all of the elements set out in General Statutes §§ 46-51 and 46-52." Among the various elements included in those statutes are the "occupation," "employability" and "opportunity of each for future acquisition of capital assets and income." The court found that the defendant was a general partner in the brokerage firm of Toby and Kirk, that in 1972 that firm merged with another, Sotaurius, and that the defendant became a general partner in the latter firm; that the defendant also held a present interest in two corporations, Pollution Control Products of Palm Beach, Inc., a seller of water purifiers, and V.C.R. Enterprises, Inc., a personal holding company. As to the plaintiff, the court found that she had never worked, either before or after the marriage, had no employment skills, and devoted a substantial portion of each day to the maintenance of the home and taking care of the children.

The amount of alimony and child support payable under a decree of dissolution of marriage, as well as the nature and the amount of other transfers rests within the sound discretion of the trial court. *LaBow* v. *LaBow,* 171 Conn. 433, 443, 370 A.2d 990; *Stoner* v. *Stoner,* 163 Conn. 345, 353, 307 A.2d 146. Because of the distinct advantage had by the trial court in dealing with domestic relations, we do not disturb its exercise of discretion unless a clear abuse of that discretion is shown. See *deCossy* v. *deCossy,* 172 Conn. 202, 205, 374 A.2d 182.

The validity of the conclusions reached by the trial court is tested by the finding. *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. The conclusions must stand unless they are legally inconsistent with the facts found or involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855. We conclude that the finding adequately supports the conclusions reached.

There is no error.

In this opinion the other judges concurred.