[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action to recover for injuries alleged to have been sustained in an automobile accident while she was a passenger in an automobile which was struck by one leased from the defendant. She claims liability against the defendant pursuant to G.S. 14-154a which establishes liability of owners of rented or leased cars. The complaint alleges the negligent operation of the leased car by the lessee and/or operator while being used with the permission and consent of the defendant. The defendant denies that it is liable and leaves to the proof of the plaintiff allegations of the complaint. The plaintiff sought to add a specification of negligence not previously alleged that the lessee and/or operator "improperly and carelessly left the ignition keys in said vehicle." The court (Wagner, J.) denied the motion to amend "without prejudice." The defendant has now moved for summary judgment attaching to its memorandum a partial copy of the deposition of the authorized operator and of the plaintiff and a copy of part of the police report concerning the accident. The essence of the documents provided is that the defendant's car, at the time of the accident, was operated by an unauthorized, unknown thin black male. The plaintiff attached to her memorandum a copy of the police report concerning the report of the theft of the defendant's car, a copy of the transcript of the nearing of the motion before J. Wagner and a partial copy of the deposition of the authorized operator. The essence of these documents is that the operator reported the theft of the car one hour after its alleged theft and after the time of the accident as alleged in the pleadings and described two different locations to the police and a third location to the defendant. Although neither party has submitted documents which comply with the provisions CT Page 74 of P.B. 381, they have argued as if they do.
G.S. 14-154a makes the lessor of a motor vehicle owned by him liable to the same extent as the operator, provided it is being operated by one in lawful possession. Gionfriddo v. Avis Rent A Car Systems, Inc., 192 Conn. 280, 284. The plaintiff in her memorandum pursues liability against the defendant on the negligence of an authorized driver in that: (1) she negligently left the car in a situation comparable to the condition set out in Mellish v. Cooney, 23 Conn. Sup. 350 (1962), or (2) he operated negligently, Fisher v. Hodge, 162 Conn. 363 (1972).
The moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts raised by the pleadings which, under applicable principles of substantive law, entitled him to judgment as a matter of law. Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488.
 I.
Although the effect of a denial of a motion "without prejudice" is that it is not a final decision but leaves it open for further presentation and consideration, Walsh v. Walsh,190 Conn. 126, 130, the present pleadings are absent allegations which allow evidence of the condition set out in the Mellish case. The issue must be one which the plaintiff is entitled to litigate under her pleadings. Trotta v. Branford, 26 Conn. App. 407,412.
 II.
If the court were to consider the motion on the improper material filed by the parties, the plaintiff has raised sufficiently the lack of credit to be given to the authorized operator, Ms. Lewis. Her complaint of theft of the motor vehicle to the police was given a time of 2000 hours and that the theft occurred one hour before, Plaintiff's Exhibit A. The time of the accident was noted on the police accident report as 1958 hours, Defendant's Exhibit B. Considering the skepticism of the police in receiving the report of the theft at two different locations and then receiving a report from the lessor of a third location together with the delay in making the report does not warrant the court to accept Ms. Lewis' statement of theft. Without her statement, the presumption of agency provided by G.S. 52-183 applies. Trichilo v. Trichilo,190 Conn. 774, 779. Since it is the burden of the movant to make a showing that it is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issue of material fact, Fogarty v. Rashaw, 193 Conn. 442, 445, its failure to do so precludes the granting of the motion. CT Page 75
For the above reasons the motion for summary judgment is denied.
CORRIGAN, J.