[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE MOTION #134)
The parties marriage was dissolved on February 9, 1995. The judgment incorporated by reference a signed, written agreement between the parties. In salient part, the Agreement provided:
 "The Husband shall transfer one-half of his interest as of December 31, 1994 in any and all savings, retirement, profit-sharing and personal after-tax and personal before-tax accounts in the Newfield Publications Thrift and Retirement Plan to the wife, by way of a Qualified Domestic Relations Order [QDRO] . . . ."
 "The parties agree that the court shall retain jurisdiction with regard to the QDRO so as to effectuate the intent of the parties." CT Page 2961-O
Pursuant to that provision of the judgment, a QDRO, signed by both of the parties (and the attorneys) was forwarded to the court and signed by the court on February 22, 1996.
The QDRO contained the following provision: "The Court retains jurisdiction over this matter to amend this Order so as to establish and/or maintain its qualification as a QDRO under the Act and Code."
Before the court, now, is Plaintiff's Motion for Order Re: QDRO. The motion, in substance seeks an order from the Court as to whether the Assigned Benefit of the plaintiff's should be "credit[ed] with investment income from December 31, 1994 to the most recent valuation date of the plan." (Exhibit A). A hearing was held thereon, at which time correspondence dated March 25, 1996 from Ms. Marjorie Sagraves, Manager Benefits Administration, Newfield Publications, to Attorney Marlow (Plaintiff's Counsel) was received into evidence. That correspondence posed the inquiry which is the subject of plaintiff's motion.
A division of a pension is a property settlement, pursuant to the provisions by Connecticut General Statutes, § 46b-81.Krafick v. Krafick, 234 Conn. 783, ___ A.2d ___ (1995). Orders regarding property settlements are not modifiable after 4 months from the entry of the decree. Connecticut General Statutes, §46b-86; Bunche v. Bunche, 180 Conn. 285, 289, 429 A.2d 874
(1980). More than four months have passed since February 9, 1995. The parties presented a QDRO (signed by them and their counsel) which the Court signed pursuant to its reservation of jurisdiction in the judgment. In the QDRO, the Court then limited its retention of jurisdiction "over this matter so as to establish and/or maintain its qualification as a QDRO under the Act and Code." Nothing in the evidence (Exhibit A) or counsel's argument suggests that the QDRO signed on February 22, 1996 fails in either of these regards. The correspondence from the pension plan manager does not assert that the information sought is necessary to establish the QDRO and/or maintains its qualification "under the Act and Code."
The reservation of jurisdiction by the Court must be express.Ross v. Ross, 172 Conn. 269, 272, 374 A.2d 185 (1977).
Therefore, sua sponte, the Court finds it lacks jurisdiction over the "Motion for Order Re: QDRO". Accordingly the Motion is CT Page 2961-P denied. (The parties are, of course, free to pursue whatever remedies may remain at law and/or equity.)
Lynda B. Munro, Judge