[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties were married on December 31, 1992; therefore, as of the return date of the complaint they had been married almost three years. There are no children issue of the marriage. After trial on September 10 and October 17, 1996, the court dissolved the CT Page 8320 marriage of the parties, restored Mrs. Stallings' maiden name and expressly retained jurisdiction to enter financial orders. SeeRoss v. Ross, 172 Conn. 269 (1977); Walsh v. Walsh, 190 Conn. 126
(1983).
The plaintiff, Mrs. Stallings, is 32 years old, and the defendant, Mr. Stallings, is 41 years old. Both are in good health and, although at the time of trial both were collecting unemployment compensation, they have well-established earning capacities, Mrs. Stallings as a registered nurse and Mr. Stallings as a millwright. The only assets which the parties have in common are two motor vehicles. Both are liable on a note for one of those vehicles, and both are liable on a lease for the second. Both vehicles are in the possession of Mr. Stallings. One was used by him from the time the parties separated; the second had been used by Mrs. Stallings after their separation until Mr. Stallings removed it from her possession without notice, permission or excuse. Besides these automobiles, the only assets either of the parties has are personal property. The parties share several liabilities, and the court will distribute responsibility for those liabilities equitably as part of this dissolution.
The court has considered all of the criteria of Sections46b-62, 46b-81 and 46b-82 of the General Statutes, together with the applicable case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account", Scherr v.Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as stated subsequently in this memorandum. "The court is not obligated to make express findings on each of these statutory criteria."Weiman v. Weiman, 188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307,313-14 (1991).
It is difficult to apply the statutory factors to the facts of this case because of the court's low opinion of the truthfulness of both parties. On two occasions during pendente lite hearings, in order to support her request for alimony, Mrs. Stallings testified falsely concerning the cost to her of maintaining health insurance for Mr. Stallings. During the trial CT Page 8321 of this matter Mr. Stallings testified untruthfully about a number of matters, and his testimony concerning his earnings during the pendency of the divorce was demonstrably false. To the question of whether he was working under the table and acquiring income over and above the unemployment compensation shown on his financial affidavits, Mr. Stallings claimed the self-incrimination privilege. In a civil case such as this the court may draw an unfavorable inference from a party's claim of the fifth amendment privilege, Olin Corporation v. Castells,180 Conn. 49, 53-54 (1980), and the court does so in this case.
What is clear is that this is not a case for periodic alimony. The parties are young, in good health and with well-established earning capacities. Moreover, the marriage is a short one, of less than three years.
Mrs. Stallings argues that the reprehensible conduct of Mr. Stallings both during the marriage and during the pendency of these proceedings justifies an award of alimony. The court agrees with that characterization of much of Mr. Stallings' conduct and finds that his conduct in connection with these proceedings corroborates Mrs. Stallings' testimony concerning his actions during the marriage. Although the court finds that the conduct of Mr. Stallings was the principal cause of the breakdown of the marriage, the court does not find that that factor alone outweighs all of the others and justifies an award of periodic alimony.
Mrs. Stallings claims that her present unemployment is caused by a complaint filed by Mr. Stallings with the state Health Department, alleging improper activities on her part as a registered nurse. While Mr. Stallings acknowledged filing such a complaint, the only evidence that it has had any effect on Mrs. Stallings' employment opportunities is her own unsubstantiated, self-serving, hearsay testimony. The court is unwilling to base a finding that would justify periodic alimony on her testimony alone.
The court's goal in a case like this, therefore, should be to apportion equitably the assets and liabilities of the parties and to provide for reimbursement to Mrs. Stallings for certain expenses she has incurred as a result of Mr. Stallings' conduct during the marriage.
The parties are at issue over a considerable amount of CT Page 8322 personal property. Neither party introduced evidence substantiating her or his claims to the property at issue. The court would normally refer them to the Family Services Office for mediation of their respective claims, but these parties have demonstrated that they are unable or unwilling to discuss their differences rationally. Therefore, the court will enter orders dividing their personal property as listed on Exhibit A and Exhibit 5.
The court finds that it has jurisdiction, that the allegations of the complaint are proven and are true, and that the marriage has broken down irretrievably. Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, having already dissolved the marriage of the parties and retained jurisdiction to resolve financial matters between them, the court enters the following orders:
1. The defendant shall pay to the plaintiff as lump sum alimony the sum of $3,887. of that amount, $1,887, representing the cost of transmission repairs to the vehicle removed from the plaintiff's possession by the defendant, shall be paid within 30 days of this date. The remaining $2,000, representing a retainer paid by Mrs. Stallings to counsel before the state Health Department, shall be paid within 30 days of Mrs. Stallings' providing to the court and to the defendant documentation of that payment and the purpose therefor.
2. The plaintiff shall transfer to the defendant all of her interest in the 1993 Olds Bravada, and the defendant shall be solely responsible for the payment of any outstanding loans on that automobile, and he shall indemnify and save the plaintiff harmless from any liability thereon. The defendant shall be solely responsible for the making of any lease payments on a 1992 Mitsubishi Diamante, and he shall indemnify and hold the plaintiff harmless from any liability thereon.
3. The plaintiff shall be solely responsible for the entire outstanding balance, in whatever amount, of the following liabilities shown on her financial affidavit of September 10, 1996: Levitz Furniture, RCD Freezer, CT Page 8323 Franklin Mint, Citibank VISA, Willie May Haynes-Homes and Mrs. Matthews, and she shall indemnify and hold the defendant harmless from any liability thereon.
4. The defendant shall be solely responsible for the entire outstanding balance, in whatever amount, of the following liabilities shown on his financial affidavit of August 14, 1996: Texaco, Linx Cellular, Mastercard (Fleet), City of Waterbury personal property tax. He shall also be solely responsible for the outstanding balance, in whatever amount, of the following liabilities shown on the plaintiff's financial affidavit of September 10, 1996: ATT Universal Mastercard (joint) and Diners Club. As to all of these liabilities the defendant shall indemnify and save the plaintiff harmless from any liability thereon.
5. Within 60 days of this date the defendant shall pay to the attorney for the plaintiff the sum of $2,000 as counsel fees.
6. Within 30 days of this date the plaintiff shall return to the defendant the following items which are highlighted in yellow on Exhibit 5: entertainment center, personal effects, desk, jewelry, blue plastic with folding lid, artwork not in frames, calculator, power tools, CDs, framed drawing "No Way Out", framed drawing "African Warrior", framed drawing "African Woman". Within the same time period the defendant shall return to the plaintiff the items of personalty listed in her motion for return of personal property of April 22, 1996. These returns are to be accomplished in the presence of a police officer and at a neutral location such as a police station.
/s/ Shortall, J. SHORTALL