[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court during the pendency of an CT Page 104 appeal of the trial court's orders regarding alimony and assignment of interest in marital property. The Supreme Court has transferred the appeal to itself. The defendant, at the time of trial, owned certain stock options in "KCSI" Kansas City Southern, Inc. This trial court at the fully contested hearing of the dissolution of marriage, assigned ownership of a certain number of them to the plaintiff in its orders. These orders were issued pursuant to Connecticut General Statutes § 466-81. The appeal of this matter, inter alia, addresses these orders.
All of the stock options expire if not exercised by December 31, 1997. The strike price for the exercise is $6.55 per share. There are options on 81,000 shares remaining (the defendant having previously exercised on a certain number of shares. That issue is not presently before this court.) The total strike price is $530,550.00. Of the options ordered to be the plaintiff's, 36,000, her strike price would be $235,800.00.
The parties are in agreement that the share options should be exercised so as not to lose this valuable asset. The defendant has made arrangements with the Merrill Lynch brokerage firm to borrow the strike price sum of $530,550.00. The loan would be secured by the stock itself. The plaintiff, while agreeing that the shares should be purchased by the exercise of the option, opposes these arrangements.
The parties disagree as to whether the stock should be immediately sold to cover the strike price, or, if not, who should pay Merrill Lynch's debt, and how. The parties each desire this court to enter a different order on how this should be accomplished. The plaintiff states her position in her "Memorandum Re Options," in options one and two. The defendant seeks an Order of the court that each party pay their debt service on the respective court awarded shares. He also intends to sell necessary stock to the extent he cannot afford his payments; otherwise, he intends to hold the stock.
At hearing, this court questioned its jurisdiction post-judgment to enter orders as to the issues raised. The parties urge the court that it has jurisdiction. "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under § 46b-45, the Superior Court may assign to either the husband or wife all or any part of the estate of the other." Connecticut GeneralStatutes § 46b-81 (a). These orders are not modifiable. CT Page 105Connecticut General Statutes § 46b-86; Bunche v. Bunche,180 Conn. 285, 288-9 (1980). The parties are apparently relying on the court's reservation of jurisdiction at time of judgment as the jurisdictional authority for the orders they each urge. "Where the question has been considered, the courts have by and large indicated that whether jurisdiction was retained was dependent upon the presence of an express reservation. "Ross v. Ross,172 Conn. 269, 272 (1977). At time of judgment, in pertinent part, the court's orders were:
"The court orders Mr. Bornemann to transfer one-half of his interest in the first four flights of the stock options to Ms. Bornemann. Now, it is not clear because of the way it is phrased how that will be accomplished, but stock options are transferrable and it should be able to be done with appropriate documentation. To the extent that Kansas City Southern because of any properties it may hold as a utility or a railroad stock that the court is not aware of, to the extent that requires adifferent kind of order, the court retains jurisdiction over theissue for purposes of the effectuation of the order only in thecontext of its spirit and intent."
Here the parties each seek relief by way of further order regarding the issues relating to whose monies are to be used for the exercise of options and, how. This is not an issue over which the court retained jurisdiction. "Under General Statutes § 46b-86 (a), a trial court in a marital dissolution action does not retain continuing jurisdiction over any portion of the judgment that constitutes an assignment of property from one party to another party pursuant to General Statutes s. 46b-81"Martone v. Martone, 28 Conn. App. 208, 215-16 (1992). The court finds that it lacks jurisdiction and therefore denies the motions(s), as both made in writing and orally.
The plaintiff also seeks an order preventing the defendant from any further sale of stock. The court sets this down for hearing on February 3, 1997. At that time, all evidence will be taken. Briefs in support of the respective positions, including the relevance of Practice Book Section 4046, shall be submitted at the time of hearing.
Munro, J. CT Page 106