[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON PLAINTIFF'S MOTION TO DISMISS
The plaintiff has moved to dismiss the defendant's Motion for Order-Postjudgment dated February 16, 2000 and filed February 22, 2000 regarding the division of stock ownership in a business where the CT Page 8801 plaintiff owns 40% of the stock, and the defendant owns 40% of the stock, and 20% of the stock is owned by a third party in a case where a judgment of dissolution was entered into on March 2, 1998.
 FACTS
Presently, the defendant and the plaintiff, formerly husband and wife, respectively, are each 40 percent shareholders of Harry's Pizza, with the remaining 20 percent in a third party. On March 2, 1998, the court,Dranginis, J., granted the judgment of dissolution, incorporating into the judgment (1) the panics' agreement, dated February 23, 1998, and entitled "Stipulated Judgment," and (2) the parties' agreement, dated February 25, 1998, and entitled "Agreement for Continuance." The "Stipulated Judgment" provides in relevant part that "[i]t is the intention of the parties to enter into this agreement concerning their respective property rights and liabilities, and hereby to settle all of the claims and demands which each may have against the other, including claims for custody, support, maintenance and alimony, except for the business known as Harry's Pizza." Regarding Harry's Pizza, the "Stipulated Judgment" provides that "[t]he Husband and the Wife shall ask the court to make a determination as to the future ownership, control and distribution of the business known as Harry's Pizza."
The "Agreement for Continuance" provides in relevant part that "[t]he parties in the above referenced matter agree that jurisdiction of the Court to deal with the issue of the appropriate distribution of stock ownership in the business Harry's, Inc. shall be continued for a period of six months past the date of Judgment of Dissolution." it further provides that the agreement "is reached based upon the promise of each party to abide by the conditions set forth below. . . . 7. Any shareholder may return to court to request the court to review the issue of stock ownership at any time until the end of six months. . . . If no shareholder has petitioned the court for such a review, the court's jurisdiction over the issue of stock ownership shall terminate."
By motion filed June 10, 1998, and entitled "Motion Re: Stock Ownership," the defendant, referencing the "Agreement for Continuance," requested "the Court to set a date for a continuation of a trial in this matter as to the stock ownership of Harry's, Inc."[1] This motion was not ruled upon. The defendant, however, filed an identical motion on August 25, 1998, as well as reclaimed the June 10, 1998 motion on that same date. Neither the June 10, 1998 motion nor August 25, 1998 motion were ruled upon or reclaimed, and the court file indicates no further activity with respect to either motion.
On February 22, 2000, the defendant filed a motion entitled "Motion for CT Page 8802 Order — Post Judgment," requesting "appropriate orders dividing the respective interests of the parties in a business known as Harry's Pizza which said business was specifically excluded from the judgment. . . ." The plaintiff objects to the motion on the ground that the court lacks jurisdiction to enter orders modifying the property distribution after the lapse of the agreed upon six month continuance specified in the "Agreement for Continuance."
 DISCUSSION
By statute, a trial court is deprived of continuing jurisdiction over that portion of a dissolution judgment dealing with the assignment of property. See Bunche v. Bunche, 180 Conn. 285, 287, 429 A.2d 874 (1980);Billings v. Billings, 54 Conn. App. 142, 148, 732 A.2d 814 (1999);Schorsch v. Schorsch, 53 Conn. App. 378, 385, 731 A.2d 330 (1999);Fiddelman v. Redmon, 37 Conn. App. 397, 401, 656 A.2d 234 (1995). "Courts have no inherent power to transfer property from one spouse to another; instead, that power must rest upon an enabling statute. . . . Under General Statutes § 46b-81 (a), the statute that enables the trial court to transfer property in a marital dissolution action, the court does not retain continuing jurisdiction over any portion of the judgment that constitutes an assignment of property . . . Therefore, a property division order generally cannot be modified by the trial court after the dissolution decree is entered, subject only to being opened within four months from the date the judgment is rendered under General Statutes § 52-212a." (Citations omitted; internal quotation marks omitted.)Schorsch v. Schorsch, supra, 385.
General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." The statute further provides, however, that "[t]he parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court. . . ." General Statutes § 52-212a; see also Practice Book § 17-4(a).
In the present case, because the issue of the division of stock ownership is one of property assignment pursuant to § 46b-81, the parties obviously recognized the need to waive the four month limitation of § 52-212a and consent to the jurisdiction of the court in order to enable the court to consider this issue six months subsequent to the judgment of dissolution. The parties accomplished this through an "Agreement of Continuance," whereby they consented to the continuance of the court's jurisdiction for six months following the date of the CT Page 8803 dissolution judgment.
Clearly, the parties' intention regarding the proper assignment of the stock manifested by their agreements was for each party to retain their respective interests in Harry's Pizza unless and until either party requested within the ensuing six months an appropriate division from the court. This agreement regarding the division of this property became part of the court's dissolution judgment on March 2, 1998. Thus, the issue of the appropriate division of the stock was not "specifically excluded from the judgment" upon agreement of the parties "that the court reserve decision" on such distribution, as the defendant claims. Rather, the issue of the stock was specifically addressed, and the parties placed the burden upon themselves, if either so desired a court-determined division of the stock, to affirmatively request one and do so within six months of the judgment. Therefore, the cases cited by the defendant allowing a court to retain jurisdiction by expressly reserving judgment on certain financial matters to a time subsequent to its entry of a judgment of dissolution, either because of the necessity of a further hearing on such matters; see Ross v. Ross, 172 Conn. 269, 272-73, 374 A.2d 185 (1977); or in recognition of the temporary, conditional or unclear total financial status of the parties; see Walsh v. Walsh, 190 Conn. 126, 129, 459 A.2d 515
(1983); or in response to a joint request of the parties to do so; seeBrown v. Brown, Superior Court, judicial district of Tolland at Rockville, Docket No. 52001 (March 28, 1995, Bishop, J.); are inapplicable.[2]
The defendant's February 22, 2000 motion requesting a division of the stock was filed nearly two years after the judgment of dissolution and well beyond the six month period consented to by the parties. The parties by agreement, the provisions of which were incorporated in the March 2, 1998 dissolution judgment, expressly consented to the continuing jurisdiction of the court over the issue of the division of such property for a period of six months from the date of the dissolution judgment, after which date the parties expressly agreed the court's jurisdiction over the issue would terminate. The court, therefore, lacks jurisdiction to rule on the defendant's motion since the motion was filed well beyond the six month period.
The defendant never reclaimed the motions filed on June 10, 1998 and August 25, 1998. If the defendant were to reclaim those motions now, he would be faced with the rule of practice which prohibits him from reclaiming those motions since they were filed more than three months ago. See Practice Book Sec. 25-34,[3] Vallas v. Vallas, Sup. Ct. J.D. Stamford/Norwalk at Stamford Docket #112609 May 20, 1998). Even if the defendant's motion filed on February 22, 2000, is to be considered to be an attempt to reclaim either of his previously filed 1998 motions, this CT Page 8804 attempt to reclaim is more than three months subsequent to the filing of those motions and prohibited by the Practice Book absent of showing a good cause.
For the foregoing reason, the motion to dismiss is granted.
Barall, J.